UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAC MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 5878 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DISTRESSED ASSET CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 5879 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

DAC Management, LLC and Distressed Asset Consulting, LLC brought these suits under

26 U.S.C. § 6703(c)(2) against the United States, seeking a determination that they are not liable

for civil penalties the IRS assessed against them under 26 U.S.C. § 6700.  Doc. 1.  Because the

two cases are materially identical, this opinion cites only to the docket in DAC's case.  The

United States has moved to dismiss both cases for lack of subject matter jurisdiction under

Federal Rule of Civil Procedure 12(b)(1).  Doc. 36.  The motions are granted.

**Background**

In resolving a Rule 12(b)(1) motion asserting a facial challenge to subject matter

jurisdiction, just as in resolving a Rule 12(b)(6) motion, the court assumes the truth of the

complaint's well-pleaded factual allegations, though not its legal conclusions. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (citation omitted). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts on a motion to dismiss, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

DAC and Distressed are Delaware limited liability companies with offices in Chicago. Doc. 1 at ¶ 4. Each was formed by Philip Groves—the plaintiff in a third, related refund suit, *Groves v. United States*, No. 16 C 2485 (N.D. Ill.)—as part of a joint venture with a Chinese state-owned entity to acquire and manage non-performing loans. *Id.* at ¶¶ 6-7.

On May 20, 2015, the IRS determined that DAC and Distressed, together with Groves, "organized and assisted in the promoting of an abusive tax shelter." Doc. 44-1 at 7; *see also* Doc. 1 at ¶ 8. Pursuant to 26 U.S.C. § 6700, the IRS assessed a $793,754 penalty against DAC and a $1,586,592 penalty against Distressed; the IRS also assessed a § 6700 penalty against Groves, based on the same underlying conduct, in the amount of $2,380,346, the sum of the penalties assessed against DAC and Distressed. Doc. 1 at ¶ 9; Docs. 44-2, 44-3.

On July 23, 2015, Groves, DAC, and Distressed filed a written protest with the IRS. Doc. 1 at ¶ 11; Doc. 1-1 at 2-37. On October 5, 2015, the IRS issued notices demanding that DAC, Distressed, and Groves pay the assessed penalties by October 15, 2015. Doc. 1 at ¶ 12.

One day before the deadline, on October 14, 2015, Groves paid fifteen percent of the penalty the IRS assessed against him, and days later he filed a Form 6118 refund claim with the IRS. *Id*. at ¶¶ 13-14; Doc. 1-1 at 39. (As noted below, 26 U.S.C. § 6703(c)(1) provides that a person seeking to challenge in federal court a § 6700 penalty must first pay the IRS fifteen percent of the assessed penalty within thirty days of the notice and demand for payment.) On January 27, 2016, the IRS disallowed Groves's refund claim. Doc. 1 at ¶ 16; Doc. 1-1 at 160-164. As permitted by § 6703(c)(2), Groves then filed suit—the aforementioned No. 16 C 2485 (N.D. Ill.)—seeking a determination that he is not liable for the penalty assessed against him and a refund of the fifteen percent he paid to the IRS.

Unlike Groves, neither DAC nor Distressed paid fifteen percent of the penalties assessed against them. Still, on November 6, 2015, DAC and Distressed filed Form 6118 claims with the IRS seeking a refund of the amount that *Groves* had paid to the IRS. Doc. 1 at ¶ 15; Doc. 1-1 at 41-158. DAC and Distressed allege that the IRS "never disallowed" their respective refund claims. Doc. 1 at ¶ 17.

On June 3, 2016, DAC and Distressed filed these suits. The suits seek a determination that DAC and Distressed are not liable for the § 6700 penalties assessed against them, and an order requiring the United States to refund the fifteen percent payment that Groves made in October 2015. The suits allege that the penalties assessed against DAC and Distressed are invalid because, among other reasons, they duplicate the penalties assessed against Groves for the same underlying conduct. *Id*. at ¶ 20(e).

## Discussion

Under the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued … , and the terms of its consent to be sued in any court

3

define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alterations in original) (citation and internal quotation marks omitted). In practical terms, "what sovereign immunity means is that relief against the United States depends on a statute," *United States v. Cook Cty.*, 167 F.3d 381, 389 (7th Cir. 1999), that expressly sets forth the scope of the waiver, *see Mitchell*, 445 U.S. at 538.

As relevant here, the United States has waived immunity from suit "for the recovery of … any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Normally, a district court may exercise jurisdiction over such a refund suit only once the plaintiff has made "full payment." *Flora v. United States*, 357 U.S. 63, 72 (1958); *see also Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) ("Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the *full amount* of the contested penalty assessment and has filed a claim for refund which the IRS has either rejected or not acted upon.") (citations omitted). But an exception carved by § 6703(c)(1) allows such a suit if the "person"—a term defined to include a "company," 26 U.S.C. § 7701(a)(1), and thus encompassing DAC and Distressed—against whom "notice and demand of any penalty under section 6700 or 6701 is made" pays just fifteen percent of the penalty within thirty days of the date the IRS makes the notice and demand:

> If, within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2).

26 U.S.C. § 6703(c)(1). Section 6703(c)(2), in turn, provides that the "person" has thirty days "after the day on which [that person's] claim for refund of any partial payment of any penalty

4

under section 6700 or 6701 is denied" to file suit "for the determination of [that person's] liability for such penalty." *Id*. § 6703(c)(2).

The Government contends that because neither DAC nor Distressed paid either the full amount or fifteen percent of the penalties assessed against them, the court lacks jurisdiction over their suits. "When a statute is unambiguous, [a court] must enforce the plain meaning of the language enacted by Congress." *Our Country Home Enters., Inc. v. Comm'r*, 855 F.3d 773, 791 (7th Cir. 2017) (citation omitted). That is the situation here, for the text of § 6703(c) unambiguously supports the Government's view.

As just noted, § 6703(c)(1) sets forth a precondition for persons wishing to challenge in federal court under § 6703(c)(2) the assessment of a § 6700 penalty: "within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against *any person*, *such person*" must "pay[] an amount which is not less than 15 percent of the amount of such penalty." 26 U.S.C. § 6703(c)(1) (emphasis added). Here, it is undisputed that the IRS made "notice and demand" of § 6700 penalties against DAC and Distressed. Doc. 1 at ¶ 12; Doc. 44 at 5. It necessarily follows that § 6703(c)(1) required that, to challenge those penalties in federal court, both DAC and Distressed—which are separate "persons" for purposes of the statute—had to pay "not less than 15 percent of the amount" of penalty assessed against each within thirty days of the notice and demand. 26 U.S.C. § 6703(c)(1). Their failure to do so deprives this court of jurisdiction over their suits. *See Autrey v. United States*, 889 F.2d 973, 988-89 (11th Cir. 1989) (holding under similar circumstances that the district court lacked jurisdiction to consider a challenge to a § 6700 penalty where the person assessed had not paid fifteen percent of the penalty to the IRS).

In opposing dismissal, DAC and Distressed contend that, because the penalty assessed against Groves was "the *exact same* penalty … based on the *exact same* income" as the combined penalties assessed against DAC and Distressed, "only one 15% payment is required" in order for them to satisfy the jurisdictional requirement of § 6703(c)(1).  Doc. 44 at 12.  DAC and Distressed's argument spans several pages but can be summarized briefly.  Their premise is that the IRS has no authority under § 6700 to assess duplicative penalties—one penalty against an individual (here, Groves), and the same penalty against the entity or entities that individual controls (here, DAC and Distressed)—for the same underlying conduct.  *Id*. at 11-12.  From this premise, DAC and Distressed conclude that only one target of the penalties—either the individual or the entity(ies)—need pay the fifteen percent required by § 6703(c)(1) to open the door to federal court for everybody.  *Id*. at 12.

DAC and Distressed's premise, that imposing one set of penalties on the two of them and an equal penalty on Groves based on the same underlying conduct is *substantively* unlawful, may be correct.  *See In re MDL-731 Tax Refund Litig.*, 989 F.2d 1290, 1304-05 (2d Cir. 1993).  But that is beside the point.  Whether the penalty assessments against DAC and Distressed are, in fact, substantively unlawful in light of the assessment against Groves is a question that the court may resolve *only* if it has subject matter jurisdiction to hear that challenge.  *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").  And as shown above, DAC and Distressed's payment of fifteen percent of the penalties assessed against them is a jurisdictional prerequisite to suit under § 6703(c) to determine the validity of a § 6700 penalty.  Holding otherwise would improperly put the cart before the horse, allowing DAC and Distressed to assume their own merits conclusion (that the penalties imposed on them are improperly duplicative of the penalty

imposed on Groves) to negate the jurisdictional requirement of § 6703(c). *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000) (noting that certain defendants could not avoid service of process under ERISA's nationwide service-of-process provision, 29 U.S.C § 1132(e)(2), by asserting that they were not, in fact, alter egos of certain other defendants and thus not "defendants" under the statute because doing so "would conflate jurisdiction with the merits").

This conclusion comports with the Eleventh Circuit's holding in *Autrey v. United States*, *supra*. That case similarly concerned assessments made by the IRS against a number of related entities and against the individual who had created them. In *Autrey*, however, it was the entities, and not the individual plaintiff, that paid the allegedly "duplicate assessments." *Id.* at 988 (internal quotation marks omitted). In holding that the district court lacked jurisdiction over the individual's claim, the Eleventh Circuit observed that § 6703(c)(1) "refers to a 15% payment by 'any person' on whom notice and demand are made." *Ibid.* The court explained that, because the IRS had made assessments against the plaintiff individually and against the entities he had created, "each entity"—as well as the plaintiff in his individual capacity—"was required by the statute to pay 15% of the penalty in order to preserve the district court's jurisdiction." *Ibid.* And the Eleventh Circuit concluded that because only the entities, and not the individual himself, had made the requisite payments, there was no jurisdiction to consider the individual's challenge to the IRS's assessment. *Id.* at 988-89. The same result obtains for the entities' challenge where, as here, the individual pays the fifteen percent and the entities do not.

DAC and Distressed contend that granting the Government's motions would violate their rights under the Fifth Amendment's Due Process Clause. Doc. 44 at 12. Specifically, they note that because the thirty-day deadline under § 6703(c)(1) to pay fifteen percent of the penalties

assessed by the IRS has now passed, they must now "pay the entire penalty [under *Flora*] prior

to gaining any judicial review" of the merits of their claim. *Id*. at 14. "No option," they

emphasize, "exists for pre-payment review." *Ibid*. DAC and Distressed, however, decided not

to make their own timely fifteen percent payments under § 6703(c)(1), and thus are responsible

for their current predicament. The Due Process Clause does not provide a remedy for those who

had ample process and declined to pursue it based on a legal bet—here, Distressed and DAC's

bet that Groves's payment of his fifteen percent under § 6703(c)(1) would cover them as well—

that they later lose. *See Comm'r v. Shapiro*, 424 U.S. 614, 630 n.12 (1976) (emphasizing that the

"Government's interest in collecting the revenues … is clearly sufficient to justify seizure of a

taxpayer's assets without a [p]re seizure hearing") (citation omitted); *Phillips v. Comm'r*, 283

U.S. 589, 596-98 (1931) ("Where only property rights are involved, mere postponement of the

judicial enquiry is not a denial of due process, if the opportunity given for the ultimate judicial

determination of the liability is adequate."); *Curry v. United States*, 774 F.2d 852, 855-56 (7th

Cir. 1985) (rejecting, albeit not on constitutional grounds, a "hardship" exception to the *Flora*

full payment rule and noting that the plaintiffs had "only themselves and their accountant to

blame" for their late filing).

**Conclusion**

The Government's motions to dismiss are granted. These suits are dismissed for want of

subject matter jurisdiction.

September 8, 2017

_____

United States District Judge